**UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:08-mj-00135 GSA |
| Plaintiff, | ) | |
| | ) | **DETENTION ORDER** |
| V. | ) | |
| MANUEL TREVINO CASTRO, | ) | |
| Defendant. | ) | |

**A.  Order For Detention**

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

**B.  Statement Of Reasons For The Detention**

The Court orders the defendant's detention because it finds:

  <u> X </u>  By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

  <u> X </u>  By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**C.  Findings Of Fact**

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

(1) Nature and circumstances of the offense charged.

  <u> X </u>  (a)  The crime: Conspiracy to Manufacture and Distribute Methamphetamine, a violation of 21 U.S.C. § 846, and 841(a)(1), are serious crimes and carry a maximum penalty of life in prison and up to a four million dollar fine.

  ___ (b)  The offense is a crime of violence.

  ___ (c)  The offense involves a narcotic drug.

  <u> X </u>  (d)  The offense involves a large amount of controlled substances, to wit: approximately 15 pounds of methamphetamine and 10 gallons of methamphetamine in solution form.

(2)  The weight of the evidence against the defendant is high.

(3) The history and characteristics of the defendant including:

  ___ (a)  General Factors:

  ___ The defendant appears to have a mental condition which may affect whether the defendant will appear.

  <u>Unk</u>  The defendant has no family ties in the area.

  <u> X </u>  The defendant has no steady employment.

  <u> X </u>  The defendant has no substantial financial resources.

  <u>Unk</u>  The defendant is not a long time resident of the community.

  <u>Unk</u>  The defendant does not have any significant community ties.

  ___ Past conduct of the defendant:  .

  <u>Unk.</u>  The defendant has a history relating to drug abuse.

  ___ The defendant has a history relating to alcohol abuse.

  ___ The defendant has a significant prior criminal record.

    \_\_\_\_ The defendant has a prior record of failure to appear at court proceedings.

  (b)  Whether the defendant was on probation, parole, or release by a court:
    At the time of the current arrest, the defendant was on:
    \_\_\_\_ Probation.
    \_\_\_\_ Parole.
    \_\_\_\_ Release pending trial, sentence, appeal or completion of sentence.

  (c)  Other Factors:
    \_\_\_\_ The defendant is an illegal alien and is subject to deportation.
    \_\_\_\_ The defendant is a legal alien and will be subject to deportation if convicted.
    _X_ Other: No information is known regarding Defendant's immigration status.

(4) The nature and seriousness of the danger posed by the defendant's release are as follows: .

(5) Rebuttable Presumptions

In determining that the defendant should be detained, the Court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

    \_\_\_\_ a. That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community because the Court finds that the crime involves:
        \_\_\_\_ (A) A crime of violence; or
        \_\_\_\_ (B) An offense for which the maximum penalty is life imprisonment or death; or
        \_\_\_\_ (C) A controlled substance violation which has a maximum penalty of 10 years or more; or
        \_\_\_\_ (D) A felony after the defendant had been convicted of two or more prior offenses described in (A) through (C) above, and the defendant has a prior conviction of one of the crimes mentioned in (A) through (C) above which is less than five years old and which was committed while the defendant was on pretrial release.

  _X_ b. That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because the Court finds that there is probable cause to believe:
      _X_ (A) That the defendant has committed a controlled substance violation which has a maximum penalty of 10 years or more.
      \_\_\_\_ (B) That the defendant has committed an offense under 18 U.S.C. § 924(c) (uses or carries a firearm during and in relation to any crime of violence, including a crime of violence, which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device).

  \_\_\_\_ c. That the defendant has committed an offense after April 30, 2003, involving a minor victim under sections 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of Title 18.

**D.** **Additional Directives**

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; and

The defendant be afforded reasonable opportunity for private consultation with his counsel; and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

**Dated:    June 24, 2008**                           /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE